Good morning, Your Honor. May it please the Court, Richard Lemus for the petitioner, Ms. Jauregui. In this case, Your Honors, what has happened is the immigration judge and the BIA affirmed that the proper analysis on this particular conviction for California Penal Code 114 would be the categorical analysis. And, of course, the judge found that it was included in the 18 U.S.C. 1546A, which punishes the use, possession, obtains, accepts various documents including Social Security card, border crossing card, and what not. Using it to enter the U.S., to stay here, or to be employed. Now, the section in issue here, the Penal Code 114, it basically punishes the use of false documents to conceal the true citizenship or resident alien status. You'll be guilty of a felony, punishable by state prison for five years, or $25,000. Now, in this case, Ms. Jauregui, she pled to this code section. However, in the factual basis of the guilty plea... ...that they were born at home or something, whereas the federal statute doesn't criminalize that. It only criminalizes very specific documents, and you'd find the California statute overbroad under the categorical approach, and you wouldn't go any further. Right, right. Our position is that it is overbroad because, in the end, what resulted was that this particular defendant in the superior court was found guilty for what appears to be use of the number, not necessarily... Does that make any difference? If the statute's overbroad on its face because it applies to documents that the federal document doesn't apply to, we don't have to get to your problem. It's not divisible. All right, all right. So it doesn't cover that. So for that reason, our position is that the modified approach is better. And when we do that... All right. Now go ahead. I don't think you need to go there is what... It's just not necessary. Okay, well... Do you want to discuss the... Let's suggest that you're in pretty good shape on this argument. What about the crime of moral trepidation question? Oh, well, that one's an easy one. Blanco is a very good analogy, very good example of it, because in this situation, even if it was a card that was used, it was not used to elicit from the individual a tangible item. It was just to evade detection of law enforcement. Well, we actually don't even know why it was used, according to the crime. I mean, the crime doesn't seem to care why it was used, right? Right, right. And so there was no... The crime here was not to trick someone out of something of value, monetary value or tangible value. We don't know, do we, what it was used for? Pardon? We don't know what it was used for. Right, right. Okay. So our position is that this PC114 is not a crime involving moral turpitude because it just didn't involve a statement to further fraudulent getting of an item or another item. So for that reason, our position is that it is not a crime of moral turpitude. In which event, the other section that she pled to, I believe there's an agreement between the parties that it's not. And for the same reasons as in Blanco, I would believe that it's not a crime of moral turpitude. Okay. You don't have to use all your time. Pardon? You do not have to use all your time if you think you've made your argument. Right. Okay. Okay. I think I've covered my points. Thank you. Thank you very much. Good morning, Your Honor. May it please the Court, Yanal Yusuf for the Attorney General. Petitioner requested relief in the form of cancellation or removal and failed to meet her burden demonstrating that she was not convicted of a disqualifying offense. So let's start with the 1546A statute. I guess I thought it was pretty clear that we had held in Wayland that that statute could cover things like false driver's licenses. I'm sorry, the opposite. Those were excluded, but they are covered by 114 under the California statute. Is that wrong? Because that seemed to me just right there, the statute's overbroad. The sort of aggravated felony part of the case falls out. But you obviously disagree with that. So what's your response? I would posit that we don't know what the documents are that are covered under the California statute. It just is simply states. Well, I thought we had California cases that had upheld convictions where the document in question was something like a false driver's license. I think it might be referring to Galvan. I think it's the case we said in our brief where it was the individual was, I believe, convicted for a fake identification card for the purpose of seeking work. That's what I'm thinking. Yes. And in that case, I note that it's one, this was in relation to a probation violation. So this was just simply the court summarizing what the probation officer's report indicated. And the fact that it's clear from the case states that the identification was procured for the purposes of employment, it makes it unclear whether or not because that DMV card wouldn't be enough for them to secure employment. They would need something else. So there may be something else in the written. Well, I don't think the case refers to any other document. Oh, it does not, Your Honor. I state that. I think this is going within the context of kind of the petitioner's burden to demonstrate that this is not an aggravated felony, that there is, I guess the argument is that there's not a realistic, they have to show there's not a realistic probability here. Well, why isn't there? I mean, it just says false documents. It doesn't say anything about any particular false documents. It's just much less specific. It's not only that it just says false documents. It also says to conceal his or her true citizenship or resident alien status. And what does the federal statute say? The federal statute states that it's whoever knowingly uses, attempts to use, possesses, obtains, and then lists a few types of documents as well as other documents prescribed. And they simply, they just need to possess, at the very minimum, possess the document of the federal statute. Here there's, this is the California 1 specific intent crime here. The person has to be using that document to conceal their true citizenship or resident alien status. But it doesn't have to use one of the documents listed in the federal statute. No, they do not. So it's just on its face that it doesn't have to be one of those documents. It could be another document that has the same import, right? But the document still has to serve the purpose of concealing the individual's true citizenship or status. And I think the federal statute gives us a sense of what kind of documents those would be. And if we look at the state case law, outside of the one that. . . There are other cases. It's not just Gallivan. I guess from the review that I did, because there's only about two dozen cases that have actually, that for this case that came up in terms of our search. And most of these cases involved, if not, yeah, the majority involved Social Security cards, resident alien cards. Let me ask you this. And I have, I'm not a circuit judge, so I'm asking a question I don't know the answer to. But my understanding of looking at the law is we never even get to that if we don't have a categorical match. We only get to that if we go to the second level where we're looking at a modified. And then we try to see, well, is there any reasonable probability that someone might be prosecuted for that? But if you're at the champs level, if it's not a divisible statute and there's not a categorical match, we're done. We don't worry about whether California has prosecuted somebody for something or not because the statute's overbroad. We don't ever get to that analysis unless we get to the modified categorical approach. Is that right? I think, Your Honor, I think that's my general understanding. But we also can look at this. I believe we can look at how the courts do address that when we're trying to understand what the elements are. Well, to be precise, the case law is that it could be clearance-based. Or if it's not so clearance-based, then you can look at what they actually prosecute. This seems pretty clearance-based. Unless you're telling me that there is no other document other than the ones listed in the federal list that could possibly serve this purpose. I guess it's just, again, we look at the cases. And I don't know if the petitioner would have met his burden of showing that someone would be convicted for a document outside it. But I understand that the court's position on it. I have a question. This is just because I don't know. Why is a Social Security card of this variety? Do you need to be legally in the country to get a Social Security card? This is just from my personal knowledge. I believe that certain Social Security cards have certain markations on whether or not someone's authorized to work based on the type of card they receive, the Social Security card they receive. I think that that's why. Okay, but the Social Security card itself doesn't demonstrate whether or not they are – the fact that you have a Social Security card is not an indication of your authority to be in the country, is it? From the federal list, that is something that can give you a sense of – It's not on the federal list. It's not on the federal list. I'm sorry. I'm within the context of the employment authorization, not the staying in the United States. Yes, Your Honor. Okay. What about the CIMT? Well, the CIMT, while the intent to defraud – I think as this court stated in Blanco, which this court referred to a few days ago, the intent to defraud is implicit in the nature of the crime when the individual makes false statements in order to procure something of value, either monetary or non-monetary. We have the false statements here. This is the use – actually, we have something to a degree greater. We have the use of false documents for someone to actively conceal their status. Like that, and so to conceal – But not to obtain any type of tangible benefit from the victim of the false representation. Isn't that the problem? I understand that's where the – it's not necessarily tangible, but the person is obtaining value here, their ability to stay here, their ability to avoid removal, their ability to gain employment authorization. That's the purpose the person has for conducting this act is to conceal their status so that it's clearly of value to them. I read from Blanco when the only benefit, quote, unquote, benefit, the individual obtains, is to impede the enforcement of the law, the crime does not involve moral turpitude. And I guess I view this statute as exactly that. It's somebody trying to impede enforcement of the law, no doubt, by being able to remain here when perhaps they don't have the right to. But that's all that's going on. I think that's an aspect of it. I think the other aspect is their ability to obtain employment. That is, it's not that – But the California statute doesn't even require that much. It says any person who uses false documents to conceal his or her true citizenship or resident alien status, it doesn't even say why you're doing this. I mean, you could be doing it because your friend asked you whether you're a citizen, and you showed him this document. It doesn't seem to – it doesn't have any purpose or goal orientation in the statute. It could just be, you know, somebody wants to know this, and you show them the document. I think looking at the statute, it's – the person's acting in deceit here. That's part of the thing. They're using false documents to conceal his or her true citizenship, but it doesn't say that you have to be doing it to get anything, anything. Even employment or to avoid – or even to avoid detection or anything. I think the value is inherent in the individual making this effort to obtain a false document in order to conceal their true status, citizenship or resident alien status. The value is there for them. That's why they're doing it, and they're obtaining – But what are they using it for? They're not – I mean, in Blanco terms, there's no requirement that they be using it. Is there any requirement that they be using it to obtain anything? In terms of – no. Tangible, non-tangible, anything? No, not in terms of the state statute on its face. Right. So isn't that the problem? I can see where Blanco is – puts it very difficult on our position. I understand that, Your Honors. And also, it's perhaps no accident that this was raised sua sponte by the BIA. Maybe if they'd had some briefing on it, they wouldn't have done this. That's possible. I mean, isn't there a due process problem there? I've never seen that before, where they raise something just out of the blue that nobody's – the government hasn't raised? Yeah, the BIA's decision was sparse, and they addressed it in the first instance, and that's not an ideal situation. I agree with you. Aside from not being ideal, isn't it a due process violation? Well, I think the individual has the – because this Court takes a look at this de novo, the petitioner has a chance to address it here before this Court. They're having the opportunity to address this. And additionally, it is ultimately their burden to show there are no disqualifying offenses on their record to establish eligibility for cancellation of removal. I understand that it doesn't – it is problematic in addressing it in the first instance, but like I said, we can address it – the Court can address it here, and the petitioner has an opportunity to do that. And then we have a third problem, which is we have another opinion this week in this Court saying, we don't know what the CIMT thing is at all. It's a mess. And it is a mess. Sooner or later, someone's going to have to deal with that, and this is another example. I agree on it. This is a very challenging area of the law. If there are no further questions, thank you so much for your time. Thank you. Thank you very much. The case of Jaregi Cardenas v. Barr is submitted, and we go to the last case of the day and of the week.
judges: Berzon, Watford, Whaley